STATE of Wisconsin, Plaintiff-Respondent,

v.

Iran SHUTTLESWORTH, Defendant-Appellant-.
Petitioner.

Supreme Court

*No. 99–2980–CR. Oral argument November 9, 2001.—Decided
January 18, 2002.*

2002 WI 3

(Also reported in 638 N.W.2d 279.)

For the defendant-appellant-petitioner there were briefs by *Mia Sefarbi* and *Law Offices of Steven M. Epstein,* Milwaukee, and oral argument by *Mia Sefarbi.*

For the plaintiff-respondent the cause was argued by *Diane M. Welsh,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

¶ 1. PER CURIAM. Petitioner Iran Shuttlesworth (Shuttlesworth) appeals from a court of appeals' decision, affirming both his judgment of conviction on two counts of kidnapping and four counts of first-degree sexual assault following a jury trial and an order denying his postconviction motion. We accepted review on the issue of whether the circuit court erred in admitting expert testimony regarding DNA match evidence without requiring supporting probability statistics. Shuttlesworth contends that state statute and governing case law require the State to submit probability statistics in support of DNA evidence, and because the State failed to provide the necessary statistical predicate, the DNA match evidence was inadmissible.

¶ 2. In particular, Shuttlesworth relies on Wis. Stat. § 972.11(5)(b)(1997–98), which provides:

> In any criminal action or proceeding, the evidence of a deoxyribonucleic acid profile is admissible to prove or disprove the identity of any person if the party seeking to introduce evidence of the profile complies with all of the following:
>
> . . . .
>
> 2. If the other party so requests at least 30 days

before the date set for trial, or at any time if a date has not been set for trial, provides the other party within 15 days after receiving the request with all of the following:

. . . .

b. The laboratory protocols and procedures followed.

Shuttlesworth claims that the State violated this statutory provision by failing to disclose at the time of trial the protocol and procedures that allowed its expert to conclude, to a reasonable degree of scientific certainty, that Shuttlesworth was the source of the DNA sample at issue.

¶ 3. Wisconsin Stat. § 972.11(5) was repealed by 2001 Wis. Act 16, § 4003t, effective August 31, 2001. Because this case necessitates an interpretation of a statute that is now repealed, we conclude that the appeal in this case was improvidently granted, and dismissal is therefore appropriate.

*By the Court.*—The review of the decision of the court of appeals is dismissed as improvidently granted.

¶ 4. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE and DIANE S. SYKES, J., did not participate.